IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY EUGENE BLACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-498-WDS |
| | ) |
| **DAVID UNDERWOOD, BRIAN BENNETT, and REBECCA JOINER,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, a former detainee in the Saline County, Illinois, Detention Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

    **COUNT 1:** Against all defendants for failing to treat Plaintiff's Hepatitis C.

    **COUNT 2:** Against all defendants for failing to screen Plaintiff for tuberculosis.

    **COUNT 3:** Against all defendants for failing to monitor Plaintiff's blood sugar.

    **COUNT 4:** Against all defendants for failing to provide Plaintiff with psychiatric

>   treatment and medications.
>
> **COUNT 5:**   Against all defendants for failing to properly monitor Plaintiff's blood pressure.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

>   (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>       (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>       (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## GENERAL CONSIDERATIONS

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th

Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

## COUNT 1

At the time he filed his complaint, Plaintiff was detained in the Saline County Detention Center. He states that in the eight month period prior to the filing of the complaint, the defendants refused to give him interferon treatments for his Hepatitis C or to allow him to receive a liver biopsy, despite the fact that he was scheduled to receive both treatments by his outside physician. He states

that his blood levels were never monitored and he was never given a Hepatitis B vaccine. Medical records submitted with the complaint indicate that Saline County officials were aware of Plaintiff's Hepatitis C. A November 4, 2004, entry in the medical records indicates that the jail staff contacted the Veterans Administration Medical Center (where Plaintiff was scheduled to receive the interferon treatment) and discovered that the VA would not allow plaintiff to obtain those treatments while detained. Because Plaintiff's condition was considered stable, it was determined that Plaintiff would have to wait until he was released to receive the treatments. The following lab work was ordered: a hepatitis profile, liver function testing, RPR, VDRL, and a complete blood count. The record states: "if the lab work remains stable, then we will consider holding off any type of therapy until he is released from jail."

These records do not describe deliberate indifference to Plaintiff's serious medical needs. Plaintiff's condition was monitored and it was determined that the treatments could wait until Plaintiff was released. It is clear that Plaintiff would have preferred to have the interferon treatment. However, disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). As such, Plaintiff has not stated a claim of deliberate indifference to his Hepatitis C.

### COUNT 2

Plaintiff next states that he was exposed to tuberculosis in 1981. Despite his medical history, Plaintiff did not receive a chest x-ray at the jail. Although tuberculosis is arguably a serious medical need, Plaintiff has not shown how his exposure to the disease almost 25 years prior put him at risk while detained in the Saline County Detention Center. Without more, Plaintiff has not shown a

serious medical need, much less a necessary deliberate indifference thereto.

### COUNT 3

Plaintiff states that on November 14, 2004, he began to feel lightheaded.  Officer Dennis Puckett (not a defendant) measured his blood sugar and it was a very low 36.  He states that "my blood sugar was 160 after about a month of monitoring."  He then quizzically states that defendants did not follow up on his condition and that he received no testing or treatment.  Plaintiff states that he was also not allowed to test his own blood sugar.  According to the medical records submitted with the complaint, physicians at the jail monitored Plaintiff's blood sugar.  On December 22, 2004, Physicians Assistant Curtis Morris (not a defendant) wrote, "I did review his glucose levels.  The[y] have all been absolutely normal.  I see no reason for any further glucose testing.  Therefore, asked them to discontinue accuchecks."

Plaintiff's blood sugar was checked, found to be normal, and further testing was ended. This does not indicate deliberate indifference to Plaintiff's serious medical needs.

### COUNT 4

Plaintiff next states that defendants refused to provide him with psychiatric care.  He states that he regularly took the psychiatric medications Clonopin/Clonazepam and Seroquel, but that he was denied them in the jail.  Medical records submitted by the Plaintiff indicate that he was treated with both Clonazepam 1 mg once a day and Seroquel 300 mg once a day while in the jail.  These records contradict Plaintiff's assertion that he was denied the medications.  Accordingly, Plaintiff has not stated a claim of deliberate indifference to his serious medical needs.

### COUNT 5

Plaintiff states that he was denied his prescribed high blood pressure medications and his

blood pressure was not regularly checked. Medical records submitted by Plaintiff belie those assertions. Plaintiff was seen by PA Morris (also not a defendant) on January 6, 2005, at the request of jail staff because Plaintiff had been asking to have his blood pressure checked several times each day. PA Morris stated that jail staff believed the Plaintiff was merely attempting to get out of his cell. Plaintiff's blood pressure was within a normal range at that appointment. His medications were continued and PA Morris recommended that Plaintiff's blood pressure be checked once each week with medication changes if necessary.

The medical staff at the jail were aware of Plaintiff's high blood pressure, monitored it weekly, and prescribed medication. This is not deliberate indifference to a serious medical need.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. All pending motions are **DENIED** as moot. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  February 15, 2006**

                **s/ WILLIAM D.  STIEHL**
                  **DISTRICT JUDGE**